

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DG21, LLC,

               Plaintiff,

        v.

CHL DG GLOBAL SERVICES, PTE,
LTD, et al.,

               Defendants.

CASE NO. C10-0631JLR

ORDER GRANTING MOTIONS
TO SEAL

     Before the court are four motions to seal various documents on the court's docket in this matter: (1) Defendants CNJ Global Services, LLC, Cavin Koh and Jessica Koh's ("the CNJ Defendants") motion to file under seal (Dkt. # 166) their motion to stay discovery (Dkt. # 167) and the declaration of Ashley N. Bailey (Dkt. # 167-1); (2) Defendant CHL DG Global Services, Pte. Ltd.'s ("CHL") motion to seal (Dkt. # 172) CHL's response (Dkt. #173) to Plaintiff DG21, LLC's ("DG21") motion to lift the stipulated protective order limiting discovery and the declaration of Michael D. McKay

ORDER- 1

(Dkt. # 174); (3) the CNJ Defendants' motion to seal (Dkt. # 175) their responsive

memorandum (Dkt. # 176) to DG21's motion to lift the stipulated protective order

limiting discovery; and (4) the CNJ Defendants' motion to seal (Dkt. # 183) their reply

memorandum (Dkt. # 184) in support of their motion to stay discovery and the

declaration of Stephen L. Nelson (Dkt. # 184-1). No party has filed an opposition to any

of these motions. The court grants these motions (Dkt. ## 166, 172, 175 & 183).

Pursuant to Western District of Washington Local Rule CR5(g)(2), the court may,

for "good cause under Rule 26(c)" seal a document attached to a nondispositive motion.

Local Rules W.D. Wash. CR 5(g)(2). Defendants have requested permission to file the

foregoing documents under seal because they contain information about a grand jury

proceeding which has not yet been made public. Having reviewed the documents at

issue, the court concurs that, except for the Nelson declaration, all of the documents

contain this type of information, that this constitutes "good cause" to seal these

documents, and that redaction would be impractical. Further, although the Nelson

declaration does not contain information about the nonpublic grand jury proceeding, it

does contain private financial information. This also constitutes "good cause" to seal the

document. *See, e.g., Wacom, Ltd. v. Hanvon Corp.,* No. C06-5710RJB, 2008 WL

623631, at *2-*3 (W.D. Wash. Mar. 4, 2008) (finding confidential financial documents a

compelling reason to seal).

The court finds that Defendants have met the "good cause" standard under Local

Rule CR 5(g)(2), and GRANTS Defendants' motions to seal (Dkt. ## 166, 172, 175 &

1    183).  Accordingly, the court directs the clerk to maintain the seal with regard to docket

2    numbers 167, 173, 174, 176, and 184.

3           Dated this 10th day of June, 2011.

5

6    _____
     JAMES L. ROBART
7    United States District Judge